**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAUL ERNESTO RAMIREZ ESCOBAR,** | : | **No. 3:26cv1766** |
| **Petitioner** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **JESSICA SAGE, FCI-Lewisburg Warden,** | : | |
| **Respondent** | : | |

## ORDER

Before the court is Petitioner Raul Ernesto Ramirez Escobar's petition for writ of habeas corpus under 28 U.S.C. § 2241. The petitioner is a native of El Salvador and was affiliated with MS-13. He has a lengthy criminal record in the United States. Since February 2017, petitioner has been subject to a final order of removal to El Salvador with deferral of removal under the Convention Against Torture. (Doc. 8-3).

On November 14, 2025, Immigration and Customs Enforcement served notice upon the petitioner that the government intended to remove him to Mexico. (Doc. 8-4). In opposition to the habeas petition, an ICE deportation officer has supplied a declaration that petitioner was scheduled for removal to Mexico at the Hidalgo, Texas point of entry on May 29, 2026; however, petitioner refused to

leave the bus once at the border.  (Doc. 8-7, Decl. J. Martin).  As a result, ICE then transported petitioner back to United States Penitentiary, Lewisburg. Id.

Although petitioner has been in ICE custody since November 2025, he has failed to challenge the evidence that he acted to prevent his removal in May 2026.  The petitioner has also failed to rebut evidence that the government is still attempting to remove him to Mexico, but the only impediment is his own noncompliance and lack of cooperation.

Pursuant to 8 U.S.C. § 1231, the attorney general is directed to remove noncitizens from the United States within 90 days, the "removal period." 8 U.S.C. § 1231(a)(1)(A).  The removal period shall be extended beyond a period of 90 days and the noncitizen may remain in detention during such extended period if the noncitizen "conspires or acts to prevent the [noncitizen's] removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).  During the removal period, the attorney general is directed to detain the noncitizen. 8 U.S.C. § 1231(a)(2)(A).

From a purely statutory standpoint, the petitioner's own conduct has placed him back within the removal period.  But for petitioner's lack of cooperation, he would have been removed to Mexico by now.

Petitioner further asserts that his due process rights are being violated by his continued detention.  Where a noncitizen's due process rights are of concern, "the habeas court must ask whether the detention in question exceeds a period

2

reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." Zadvydas v. Davis, 533 U.S. 678, 699 (2001).  Further, "if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period." Id. at 700.

To aid in this analysis, Zadvydas recognized a presumptively reasonable six-month period of detention under 8 U.S.C. § 1231(a)(1) and (a)(6). Id. at 701.

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id.

Here, the detention in question does not exceed a period reasonably necessary to secure the petitioner's removal.  Petitioner actively impeded his own removal.  Moreover, his criminal record demonstrates that he would likely commit further crimes outside of detention.  In short, the petitioner has chosen

continued detention in a federal prison rather than release in Mexico and the law honors that choice.

Consequently, this 22nd day of July 2026, upon consideration of Raul Ernesto Ramirez Escobar's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, (Doc. 1), it is hereby **ORDERED** that the petition is **DENIED**.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

4